IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | | |
|---|---|---|---|
| TRACY BELL, | ) | | |
| | ) | CASE NO.: | 4:11 CR 165 |
| | ) | | 4:12 CV 197 |
| Petitioner, | ) | | |
| | ) | | |
| | ) | | |
| v. | ) | JUDGE DONALD C. NUGENT | |
| | ) | | |
| UNITED STATES OF AMERICA | ) | | |
| | ) | **MEMORANDUM OPINION** | |
| Respondent. | ) | | |

This matter comes before the Court upon Tracy Bell's ("Petitioner's") Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, (ECF #19), as well as Petitioner's Motion to Amend Previously Filed Motion to Vacate Sentence, (ECF #34).

**I.**

On August 3, 2011, following his plea of guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), Petitioner was sentenced to a 46-month term of incarceration. In determining Petitioner's offense level, the district court applied a four-level enhancement under U.S.S.G. § 2K2.1(b)(6) for possession of a firearm in connection with another felony offense. Petitioner did not file a direct appeal, but on January 26, 2012 filed a § 2255 motion, alleging ineffective assistance of counsel in violation of his Sixth Amendment rights. On March 29, 2012, this Court appointed Jeffrey Lazarus to represent Petitioner in this matter. On May 30, 2012, Petitioner filed a motion to amend his previously filed § 2255 motion.

## II.

A petitioner that moves to vacate, set aside or correct a sentence pursuant to 28 U.S.C. § 2255 must demonstrate that:  (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) it is otherwise subject to collateral attack.  *See* 28 U.S.C. § 2255.  A court may grant relief under § 2255 only if a petitioner has demonstrated "a fundamental defect which inherently results in a complete miscarriage of justice."  *Griffin v. United States*, 330 F.3d 773, 736 (6th Cir. 2003) (internal quotation and citation omitted).  If a § 2255 motion, as well as the files and records of the case, conclusively show that the petitioner is entitled to no relief, then the court need not grant a hearing on the motion.  *See* 28 U.S.C. § 2255; *see also Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996) (recognizing that evidentiary hearing is not required when the record conclusively shows that petitioner is not entitled to relief).

## III.

Petitioner claims in his Motion to Vacate, Set Aside or Correct Sentence that he was denied his Sixth Amendment right to effective assistance of counsel.  Specifically, Petitioner alleges that defense counsel, Mr. Duffrin, was ineffective in failing to move for dismissal of the four-level sentencing enhancement under U.S.S.G. § 2K2.1(b)(6) on the grounds that there was no nexus between his firearm possession and the commission of another felony.  He further claims that Mr. Duffrin was ineffective in failing to file a direct appeal despite Petitioner's alleged request that Mr. Duffrin file such an appeal.  Finally, Petitioner claims that Mr. Duffrin was ineffective in failing to respond to mail from Petitioner.

Petitioner's claims for ineffective assistance of counsel are unsubstantiated. In order to prevail on an ineffective assistance of counsel claim, Petitioner must show that his counsel's performance was deficient, and that the deficient performance prejudiced him to the extent that the trial was unfair and the result was unreliable. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Judicial scrutiny of counsel's performance must be "highly deferential." *Id.* at 689.

Petitioner has failed to offer any facts or evidence to support his allegations of ineffective assistance of counsel. Petitioner's claim that Mr. Duffrin failed to oppose the four-level sentencing enhancement has no factual basis. Mr. Duffrin objected to the sentencing enhancement on four separate occasions. In negotiating the plea agreement, Mr. Duffrin maintained Petitioner's right to object to the enhancement. Mr. Duffrin later filed an objection to paragraph 12 of the Pre-Sentence Investigation Report, which recommended the § 2K2.1(b)(6) enhancement. Specifically, Mr. Duffrin argued that the firearm was not "used in connection" with another felony and did not "facilitate the offense." Mr. Duffrin again opposed the enhancement in his Sentencing Memorandum. And at Petitioner's Sentencing Hearing on August 3, 2011, Mr. Duffrin spent a significant amount of time arguing that the enhancement was not applicable to Petitioner. Such continuous opposition to the four-level enhancement surely meets the "objective standard of reasonableness" required of counsel under the *Strickland* test. 466 U.S. at 688. Thus, Petitioner's allegation that Mr. Duffrin failed to oppose the four-level enhancement is without support and fails to show a violation of Petitioner's constitutional right to counsel.

Similarly, Plaintiff's allegations regarding Mr. Duffrin's decision not to file a direct appeal are insufficient to support his claim of ineffective assistance of counsel. If counsel has consulted with a defendant regarding a potential direct appeal and the defendant accepts counsel's advice not to appeal, counsel's performance is not deficient. *See Roe v. Flores-Ortega*, 528 U.S. 470, 478 (2000); *Regalado v. United States*, 334 F.3d 520, 525-26 (6th Cir. 2003). In this case, Mr. Duffrin met with Petitioner and specifically asked him if he wished to file a direct appeal. According to Mr. Duffrin, Petitioner responded that he did not want to appeal. Petitioner now files a declaration in which he claims that he did in fact ask Mr. Duffrin to file a direct appeal. Because counsel's competence is assumed, however, Petitioner is required to "prov[e]"—not merely allege—that Mr. Duffrin behaved in an unreasonable manner. *Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986); *see also Cobb v. Perini*, 832 F.2d 342, 348 (6th Cir. 1987) ("unsupported accusations of deficient conduct" fail to overcome the "strong presumption" of counsel's reasonableness). As such, Petitioner's unsubstantiated allegations are insufficient to overcome the presumption that Mr. Duffrin behaved reasonably. Thus, Petitioner's claim of ineffective assistance of counsel due to Mr. Duffrin's decision not to file a direct appeal fails the first prong of the *Strickland* test.

Moreover, even if Mr. Duffrin's failure to appeal were considered "deficient," Petitioner has failed to show how such deficiency caused him any prejudice. To establish prejudice, "Petitioner must show a reasonable probability that, but for his attorney's errors, the proceedings would have produced a different result." *Ross v. United States*, 339 F.3d 483, 492 (6th Cir. 2003) (quoting *Strickland*, 466 U.S. at 694). This Circuit has held that for a four-level enhancement under § 2K2.1(b)(6) to be appropriate, it is not necessary that the firearm be used

in the commission of an offense—rather, it is sufficient that the firearm has "the potential to promote another felony offense." *United States v. Angel*, 576 F.3d 318, 320 (6th Cir. 2009) (internal quotation and citation omitted).  Here, Petitioner was arrested with a gun as he fled the scene of a burglary.  Thus, the firearm had the potential to promote that felony offense, as required for the four-level enhancement.  As such, it is highly unlikely that an appeal regarding the district court's application of the § 2K2.1(b)(6) enhancement would meet with any success.  Under the *Strickland* test, Petitioner was not prejudiced by the lack of direct appeal.

Finally, Petitioner alleges ineffective assistance of counsel on the grounds that Mr. Duffrin failed to respond to mail from Petitioner.  Petitioner, however, has failed to produce any support for such a claim.  In fact, at both Petitioner's change of plea hearing and his sentencing hearing, Petitioner answered that Mr. Duffrin had gone over various aspects of his case with him.  Thus, there is no evidence to support Petitioner's claim that Mr. Duffrin failed to communicate with Petitioner.

Even if Mr. Duffrin did fail to respond to mail from Petitioner, Petitioner has failed to indicate any way that such a lack of communication could have prejudiced the outcome of his case.  Petitioner has provided no explanation as to how, had Mr. Duffrin responded to this allegedly neglected mail, these responses could have generated "new or better theories of advocacy or otherwise would have created a 'reasonable probability' of a different outcome." *Hill v. Mitchell*, 400 F.3d 308, 325 (6th Cir. 2005).  The mere fact that Mr. Duffrin may have spent little time with Petitioner is not in itself sufficient to establish a deficiency under the *Strickland* test.  *See Bowling v. Parker*, 344 F.3d 487, 506 (6th Cir. 2003) (finding no deficiency even if counsel spent only an hour consulting with petitioner).

Because Petitioner has offered no evidence or argument that would meet the requirements set forth in *Strickland* with respect to any of his ineffective assistance of counsel claims, this claim is dismissed.

## IV.

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition.  28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make a "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2253(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (internal quotation and citation omitted).  Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.  *Id.* at 484.

For the reasons stated above, the Court concludes that no reasonable juror could debate whether Petitioner made a substantial showing of the denial of his constitutional right to counsel. Accordingly, the Court declines to issue a certificate of appealability.

**V.**

Because the files and records in this case conclusively show that Petitioner is entitled to no relief under § 2255, no evidentiary hearing is required to resolve the pending Motions. For the reasons set forth above, Petitioner's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255, (ECF #19), as well as Petitioner's Motion to Amend Previously Filed Motion to Vacate Sentence, (ECF #34), are DENIED.

Furthermore, the Court certifies that, pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and there is no basis on which to issue a certificate of appealability.  28 U.S.C. § 2253;  Fed. R. App. P. 22(b).

IT IS SO ORDERED.

s/Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: July 27, 2012